**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0025-18T2

WELLS FARGO BANK, N.A.,

     Plaintiff-Respondent,

v.

REGINA BERKOVIC, her heirs, devisees, and personal representatives and his/her, their, or any of their successors in right, title and interest, MR. BERKOVIC, husband of REGINA BERKOVIC, his heirs, devisees, and personal representatives and his/her, their, or any of their successors in right, title and interest, MRS. BROWN, wife of Arnold Brown, her heirs, devisees, and personal representatives and his/her, their or any of their successors in right, title and interest, SHARON WACHSMAN BROWN, her heirs, devisees, and personal representatives and his/her, their, or any of their successors in right, title and interest, and A COUNTRY PLACE HORIZONTAL PROPERTY REGIME NO. 3,

     Defendants,
and

ARNOLD BROWN, his heirs, devisees,

and personal representatives and
his/her, their or any of their successors
in right, title and interest,

       Defendant-Appellant.

_____

Submitted October 7, 2019 – Decided October 17, 2019

Before Judges Sabatino and Geiger.

On appeal from the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-021084-17.

Larry S. Loigman, attorney for appellant.

Reed Smith LLP, attorneys for respondent (Henry F. Reichner, of counsel and on the brief).

PER CURIAM

Defendant Arnold Brown[1] (Brown) appeals from a Chancery Division order denying his motion to vacate the default and default final judgment entered against him in this residential mortgage foreclosure action. We affirm.

On May 14, 2001, defendants Regina Berkovic, Arnold Brown, and Sharon Wachsman Brown borrowed $100,000 from N.J. Home Funding Group, LLC and executed a promissory note to evidence the loan. To secure the note,

---

[1] The other defendants were dismissed from the action with prejudice. They have not participated in this appeal.

A-0025-18T2

they executed a mortgage affecting a residential condominium unit in Lakewood Township.  The mortgage was recorded on May 24, 2001.  The loan went into default on August 1, 2010.  The mortgage was subsequently assigned to plaintiff Wells Fargo Bank, N.A.  The assignment was recorded on March 4, 2011.

Brown alleges that on March 28, 2016, a major fire occurred in an adjacent, attached condominium unit that rendered defendant's unit uninhabitable.  As a result, he was displaced from the unit and has been living elsewhere since that time.  Brown claims a dispute with the condominium association and its insurance carrier, resulting in litigation, delayed the start of repairs until the litigation was settled in March 2018.

Plaintiff filed the complaint on September 12, 2017.  Brown was personally served with the summons and complaint on October 4, 2017.  Brown did not file an answer or responsive pleading.  Default was entered against Brown on November 22, 2017.

Upon receiving the complaint, Brown unsuccessfully attempted to secure a loan modification from plaintiff.  As part of that effort, he retained an experienced mortgage modification negotiator.  On March 5, 2018, Brown was advised by plaintiff that he did not qualify for a loan modification because he did not occupy the mortgaged premises.  Plaintiff also advised Brown that he

did not qualify for a repayment plan because his monthly income was insufficient "to create an affordable mortgage payment that still meets the requirements of the program." Brown appealed that decision to plaintiff but was advised on March 26, 2018, that he "still [did] not meet the requirements for a loan modification." Additional efforts to reinstate the loan were unsuccessful. Brown was subsequently advised that the loan reinstatement amount was $94,483.89 as of August 16, 2018.

On April 25, 2018, plaintiff's counsel sent a copy of the motion to enter final judgment to Brown by regular and certified mail. Brown did not oppose the motion. Final judgment by default was entered against Brown and defendant A Country Place Horizontal Property Regime No. 3 on May 17, 2018. Plaintiff's counsel sent Brown a copy of the final judgment by regular mail.

On June 25, 2018, Brown moved to vacate the default and default judgment. He argued he did not actually abandon the unit but was displaced by the fire. He then had to litigate his claims "against the condominium associations and others in order secure his portion of the insurance proceeds so that he could make repairs." He contends "repairs first had to be completed by the condominium" association and he is now "in a position to make repairs to

the interior of the unit so that he could move back in." In the meantime, the foreclosure action proceeded.

Brown claimed he was entitled to a loan modification and his failure to file an answer was due to excusable neglect. During oral argument before the motion judge, defendant's attorney acknowledged he was "not sure" he had "enough information at this point to suggest that there is a meritorious defense to the action."

In its opposition, plaintiff argued Brown did not establish either excusable neglect or a meritorious defense. Under Federal Housing Association guidelines, a borrower will not qualify for a loan modification until the residence is in livable condition. Brown's unit was still not livable as of the return date of the motion. In addition, Brown's income was insufficient to support a repayment plan. Plaintiff contended a default judgment should not be vacated since Brown had no meritorious defenses.

The Chancery judge denied the motion. In addition to recounting the underlying facts and procedural history, the judge made the following findings. Brown's financial difficulties began several years earlier "but were magnified in March 2016 when a major fire occurred in the adjacent condominium," which caused "substantial damage to his own unit, leaving it uninhabitable." Brown,

5

who is still not residing in his unit, "is seeking out contractors to complete interior renovations so that he may return."  Plaintiff would not agree to vacate the default.  Brown sought to deposit $20,000 with the court within ten days to be applied to the loan reinstatement and modification.

The Chancery judge noted that in addition to being was served with the summons and complaint in October 2017, Brown was served "with the default and default judgment notices, yet he has waited until now to take any action." The judge concluded Brown did not show excusable neglect for failing to file an answer and his motion was "devoid of any defenses to the foreclosure action." He rejected Brown's proposal to deposit $20,000 with the court since the loan modification and repayment plan were already denied by the lender and the court had no authority to compel a loan modification or reinstatement.

On appeal, defendant argues the Chancery judge erred in denying the motion to vacate the default and default judgment.  We disagree.

A trial court's determination under Rule 4:50-1 "warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion."  U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012).

"Absent a showing of 'excusable neglect,' [defendant] cannot meet the standard of Rule 4:50-1(a)."  Id. at 468.  "'Excusable neglect' may be found when

6

the default was 'attributable to an honest mistake that is compatible with due diligence or reasonable prudence.'" Ibid. (quoting Mancini v. EDS, 132 N.J. 330, 335 (1993)). Defendant made no such showing.

Defendant is also required "to prove the existence of a 'meritorious defense'" to prevail under Rule 4:50-1(a). Id. at 469 (quoting Hous. Auth. of Morristown v. Little, 135 N.J. 274, 284 (1994)). Defendant failed to show he had any meritorious defense.

The Chancery judge's findings are fully supported by the record. We discern no abuse of discretion. Defendant's contentions are without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0025-18T2